UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT M. BRYAN,<br><br>    Plaintiff,<br><br>    v.<br><br>TAHOE REGIONAL PLANNING AGENCY, et al.,<br><br>    Defendants. | No. 2:21-cv-2340 TLN AC PS<br><br><u>ORDER and</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    Plaintiff is proceeding in this action pro se and the case was accordingly referred to the undersigned by Local Rule 302(c)(21). Following an initial scheduling hearing that took place on June 29, 2022 (ECF No. 13), defendants moved for partial judgment on the pleadings and partial summary judgment, such that all claims will be resolved. ECF No. 15. Defendants filed their memorandum at ECF No. 16 and a request for judicial notice at ECF No. 17. Plaintiff opposes the motion. ECF No. 22. Defendants replied and submitted a supplemental request for judicial notice. ECF Nos. 20, 21.[1] Plaintiff filed a surreply (ECF No. 23) to which defendants object (ECF No. 24). The court, in its discretion, considers the surreply in an effort to ensure all arguments are fully considered.

---

[1] The court recognizes that the docket numbers are not in proper ascending sequence.

1

As a preliminary matter, the court notes defendants made a supplemental motion for judicial notice of public records, labeled "Relevant portions of TRPA Application MOOR2009-3449." ECF No. 21. "Judicial notice is appropriate for records and reports of administrative bodies." United States v. 14.02 Acres of Land More or Less in Fresno County, 546F3.d 943, 955 (9th Cir. 2008) (internal quotation marks omitted). The documents for which defendants seek judicial notice are public records, further authenticated by the declaration of Katherine Huston, a Paralegal at Tahoe Regional Planning Agency and a person with knowledge of the documents. ECF No. 21-1. For these reasons, the motion for judicial notice (ECF No. 21) is GRANTED.

## I.     Complaint and Procedural Background

Plaintiff sues the Tahoe Regional Planning Agency ("TRPA"), along with 19 individual defendants professionally associated with TRPA, in this action claiming violations of plaintiff's Fifth and Fourteenth Amendment Rights pursuant to 42 U.S.C. § 1983, as well as violations of 36 C.F.R. § 327.20 (Unauthorized Structures), 22 C.F.R. § 3300.3(b) (Activities occurring before certain dates), Section 10 of the US Harbors and Rivers Act (33 U.S.C. § 403), and the Tahoe Regional Planning Agency Code of Ordinances and Rules of Procedures. ECF No. 1 at 1-3, 9-14.

TRPA now seeks judgment on the pleadings on plaintiff's civil rights claims pursuant to Fed. R. Civ. P. 12(c). TRPA contends these claims are defective as a matter of law, primarily because plaintiff lacks sufficient interest in a buoy located on California state lands. ECF No. 16 at 7. TRPA also seeks summary judgment, pursuant to Fed. R. Civ. P. 56, on the record-based claims that TRPA abused its discretion when it denied plaintiff's application for a buoy.

## II.     Applicable Legal Standards

A. Judgment on the Pleadings/Judicial Review of Agency Decision

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In a 12(c) motion, the court "assume[s] that the facts that [plaintiff] alleges are true." Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) (citing United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1053 (9th Cir. 2011) ). "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no

issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108–09 (9th Cir. 2012) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)).

Judicial review of a final TRPA decision on a permit is provided for in Article VI(j) of the bi-state Tahoe Regional Planning Compact ("Compact"). Under Article VI(j)(5), the Court's review is limited to determining whether TRPA's decision "was supported by substantial evidence and is otherwise in accordance with the law." S&M Inv. Co. v. Tahoe Regional Planning Agency, 702 F. Supp. 1471, 1472 (E.D. Cal. 1988). Article VI(j)(5) of the Compact provides in relevant part:

> In any legal action filed pursuant to this subdivision which challenges an adjudicatory act or decision of the Agency to approve or disapprove a project, the scope of judicial inquiry shall extend only to whether there was prejudicial abuse of discretion. Prejudicial abuse of discretion is established if the Agency has not proceeded in a manner reburied by law or if the act or decision of the Agency was not supported by substantial evidence in light of the whole record. In making such determination, the court shall not exercise its independent judgment on evidence, but shall only determine whether the act or decision was supported by substantial evidence in light of the whole record.

Request for Judicial Notice, Exhibit B. Substantial evidence has been defined as such evidence "as a reasonable mind might accept as adequate to support a conclusion." Berroteran–Melendez v. I.N.S., 955 F.2d 1251, 1255–1256 (9th Cir.1992). Moreover, the substantial evidence standard of review must be "searching and careful," subjecting the agency's decision to close judicial scrutiny. Containerfreight Corp. v. U.S., 752 F.2d 419, 422 (9th Cir.1985).

B. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248. In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Service, Inc., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### III.     Statement of Undisputed Facts

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon a full review of the record, to be undisputed by competent evidence. This case involves an agency administrative record ("AR"), which is filed in three volumes at ECF No. 8-1 (AR I), 8-2 (AR II), and 8-3 (AR III). It is fully described an authenticated by the Tahoe Regional Planning Agency at ECF No. 8. Defendants' statement of undisputed facts is located at ECF No. 26; plaintiff's statement is located at ECF No. 27.

Plaintiff Kent Bryan claims ownership of a non-littoral (i.e., non-shoreline) parcel of property located at 4100 Doe Ave. in Placer County. AR I at 8. On October 13, 2009, plaintiff applied for a TRPA Mooring Permit for a buoy anchored in the West Shore of Lake Tahoe. AR I at 1-5. On February 26, 2010, TRPA staff requested additional information to support plaintiff's permit application. AR I at 6. Plaintiff provided a letter from the U.S. Army Corps of Engineers ("USACE") dated October 7, 2009, stating that the buy in question had been in place in Lake Tahoe since 1968. AR I at 7. Plaintiff's application was not immediately processed because TRPA was in the process of revising its 2008 Shoreline Plan, which was previously invalidated by this court. ECF No. 27 at 2-3.

On October 24, 2018, TRPA adopted its revised Shoreline Plan, which became effective on December 23, 2019. ECF No. 17-1. In April of 2019 TRPA opened the application process

for existing buoys, Phase 1. ECF No. 17-3 at Ch. 2.B. Under the 2018 Shoreline Plan, a non-littoral parcel owner may be entitled to a mooring buoy permit if: (i) the non-littoral parcel owner provides clear evidence of the existence of the buoy prior to February 10, 1972; and (ii) the non-littoral parcel owner provides a valid authorization from the federal or state agency with jurisdiction at Lake Tahoe. AR I at 14, TRPA Code of Ordinances § 84.3.3.D.3.b.

On January 13, 2020, plaintiff submitted, as a non-littoral parcel owner, an application for a TRPA Mooring Permit for a buoy anchored in West Shore Lake Tahoe. AR I at 8-12. To support his application, plaintiff provided the USACE letter dated October 7, 2009, which states that the buoy in question has been in place since 1968. AR I at 7, AR III 42-424. On February 25, 2021, TRPA's Executive Director denied the buoy permit application via a letter asserting that the USACE letter did not constitute "valid authorization from an applicable federal or state agency with jurisdiction at lake Tahoe" as required by the TRPA Code of Ordinances. AR I at 14. On March 11, 2021, plaintiff timely appealed the denial of his application. AR I at 15-23. The issue on appeal was whether plaintiff's application met the second prong of the TRPA Code § 84.3.3.D.3.B – whether the USACE letter "provides a valid authorization from an applicable federal or state agency with jurisdiction at lake Tahoe." AR I at 37-38. The TRPA staff report concluded that the first prong was met through evidence in the form of the USACE letter showing the buoy had been in existence since 1968. AR I at 38. However, TRPA staff concluded that the second prong — requiring the non-littoral parcel owner to provide a valid authorization from the federal or state agency with jurisdiction at Lake Tahoe — was not met.

The TRPA letter states, on that point, as follows:

> The main issue involved in this appeal is whether the 2009 U.S. Army Corps of Engineers' letter constitutes "valid authorization" for Mr. Bryan's claimed buoy. According to the Corps, the 2009 Corps grandfathering letter is not authorization for a specific person or property owner to place a buoy in Lake Tahoe. See May 18, 2021 email for U.S. Corp of Engineers (attachment D). Moreover, the Corps letter does not provide the necessary association between Mr. Bryan's non-littoral parcel and the claim buoy, it simply recognizes that a buoy has existed since before 1972. Since the letter only confirms a buoy existed prior to that date and the letter can be issued to any party or property that requested the grandfather determination regardless of actual ownership, the Corps' "grandfather" letters simply duplicate the requirements of Code section 84.3.3.D.3.b(i),

> rather than provide the additional personal authorization required by Code section 84.3.3.D.3.b(ii). As a result, Mr. Bryan has not met his burden and his appeal should be denied.

AR I at 38.

In an email to Matthew Miller and Tiffany Good from TRPA regarding USACE grandfathering decisions dated May 18, 2021, Jennifer Thompson, whose e-mail signature reads "Senior Project Manager" for the Nevada-Utah Regulatory Section of the USCAE, wrote as follows regarding the impact of a USCAE grandfather determination:

> Per our conversation, a grandfather determination means that the STRUCTURE(S) is/are authorized by the Corps because the structure(s) existed prior to December 18, 1968 per 33 CFR § 330.3(b) (https://www.law.cornell.edu/cfr/text/33/330.3). A grandfather determination does not and cannot make any assignment or transfer of ownership for a grandfathered structure, it simply represents the Corps' determination that the activity was commenced or completed prior to December 18, 1968 and therefore does not require further permitting from the Corps under Section 10 of the Rivers and Harbors Act of 1899 (33 U.S.C. § 403).

AR I at 56.

The TRPA Legal Committee considered plaintiff's appeal on May 24, 2021, and the Board voted to remand to Staff for validation of ownership proof the buoy in question. AR I at 191. On June 14, 2021, plaintiff submitted a statement to TRPA regarding ownership and control of the buoy in question. AR II at 196-222. The submission included (1) email correspondence with USACE wherein USACE requested plaintiff's grant deed and tax bill; (2) email correspondence with the County Sherriff documenting theft and/or vandalism of the buoy; (3) email correspondence regarding theft and vandalism of other "Tall Pines" buoy owners; (4) receipts for maintenance of the buoy; and (4) a thank you letter from a person who used the buoy in question for a portion of a season. AR II 198-222. On August 13, 2021, TRPA staff responded after remand and again denied the permit application. AR II at 223.

TRPA's second denial letter stated that TRPA staff could find no evidence demonstrating that plaintiff, or a predecessor in interest, received authorization to place the buoy or that it continues to be legally associated with plaintiff's non-littoral parcel, and concluded that the second grandfather prong was not satisfied. AR II at 223. On August 16, 2021, Bryan timely

7

appealed the second denial. AR II at 224. The issue on appeal was again whether the USACE Letter constitutes "valid authorization" for plaintiff's claim to the buoy in question under the TRPA code. AR II at 227. On October 27, 2021, the TRPA legal committee considered the appeal and voted to recommend denial of the appeal to the Governing Board. AR II at 337. Later the same day, the Board denied the appeal. AR II at 368.

### IV. Analysis

A. Defendants are Entitled to Judgment on Plaintiff's Takings Claim

Plaintiff claims TRPA's denial of his buoy application "violated the Constitution of the United States by taking the Plaintiff's property." ECF No. 1 at 15. The Takings Clause of the Fifth Amendment prohibits the government from taking "private property" "for public use, without just compensation.'" U.S. Const., amend. V. "A Takings Clause claim requires proof that the plaintiff possesses a 'property interest' that is constitutionally protected." Sierra Med. Servs. All. v. Kent, 883 F.3d 1216, 1223 (9th Cir. 2018) (internal citations omitted). "Only if he does indeed possess such an interest will a reviewing court proceed to determine whether the expropriation of that interest constitutes a 'taking' within the meaning of the Fifth Amendment." Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1198 (9th Cir.1998).

"In some instances, a person can have a constitutionally protected property interest in a government benefit, such as a license or permit." Gerhart v. Lake County, Mont., 637 F.3d 1013, 1019 (9th Cir. 2011). To a property interest in a license or permit, a plaintiff must demonstrate more than a need, desire, or unilateral expectation; he must show an "entitlement" to the benefit, and a property interest that stems from an independent source such as state law or certain rules/understandings that support claims of entitlement to the benefit at issue. Id. "The Supreme Court has explained, '[a] constitutional entitlement cannot be created—as if by estoppel—merely because a wholly and expressly discretionary state privilege has been granted generously in the past.'" Id. (quoting Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981)).

In this case, plaintiff has no cognizable property interest in his application to locate a buoy on lands belonging to the State of California. Upon entering statehood, California gained title to the bed of Lake Tahoe within its boundaries from the United States. State of California v.

8

Superior Ct. (Lyon), 29 Cal. 3d 210, 222 (1981). Plaintiff, who is seeking a permit for a buoy on state property, does not have a "legitimate claim of entitlement" to a buoy permit and therefore lacks a property interest to be "taken" by the denial of that application. The USACE Letter confirms only that a buoy has existed in its current location since 1968. AR I:7. The TRPA denied the permit based on the lack of evidence linking plaintiff's lot on Doe Avenue to the buoy in question, and there is no evidence of a lease or other approval from the appropriate agencies. Plaintiff thus has no recognizable interest in the existing buoy's location. Though he rests his takings claim on his interest in the location of the pre-existing buoy, the fact that some form of permission may have previously been granted to place the buoy does not create an entitlement to a permit. Conn. Bd. of Pardons, 452 U.S. at 465. The State of California informed plaintiff that his unpermitted buoy is trespassing on state lands because he has not been issued a lease from the California State Lands Commission. See AR III:0422-0424. Per California law, plaintiff's trespass can never ripen into a property interest. See Cal. Civil Code § 1007. Because plaintiff does not have an entitlement to a permit on State-owned land, he cannot succeed on a Takings claim under the Fifth Amendment. Judgement should be entered in favor of defendants on this claim.

B. Defendants are Entitled to Judgment on Plaintiff's Equal Protection Claim

Plaintiff also asserts that is Fourteenth Amendment right to Equal Protection was violated by defendants. The Fourteenth Amendment provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Bryan's complaint alleges that TRPA violated the equal protection clause because "[t]he defendant is not treating all applicants equally." ECF No. 1 at 15.

The purpose of the equal protection clause is to protect against "intentional and arbitrary discrimination." Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923) (quoting Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 352 (1918)). To establish an equal protection violation, a plaintiff must demonstrate that he is either a member of a protected class or a "class of one," and that he was treated differently than others who are similarly situated without any rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528

U.S. 562, 563 (2000). Where the alleged discrimination is not based on plaintiff's membership in a protected class (e.g., race discrimination), "rational basis" review applies. Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). Rational basis review requires that "there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe by Doe, 509 U.S. 312, 320 (1993). "The government doesn't have to articulate the purpose of its policy or the reasons for its classifications. Instead, the party raising an equal protection challenge must negate 'every conceivable basis which might support it.'" United States v. Ayala-Bello, 995 F.3d 710, 715 (9th Cir.) (quoting FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 315 (1993)), cert. denied, 142 S. Ct. 513 (2021).

To bring a "class of one" equal protection claim, a plaintiff allege facts supporting three elements: that the defendants "(1) intentionally (2) treated [plaintiff] differently than other similarly situated [mine operators], (3) without a rational basis." Gerhart v. Lake County, Mont., 637 F.3d 1013, 1022 (9th Cir. 2011). "[A]s to the different treatment element, a plaintiff must demonstrate that the level of similarity between plaintiff and the persons with whom [plaintiff] compare[s] [herself] [is] extremely high." Hamer v. El Dorado County, No. 08-2669, 2011 WL 794895, at 12 (E.D.Cal. Mar. 1, 2011) (citation and internal quotation marks omitted). Equal protection is intended to prevent disparate treatment of those "whose situations are arguably indistinguishable." Ross v. Moffitt, 417 U.S. 600, 609 (1974). "Where a plaintiff is making a class-of-one claim, the essence of the claim is that only the plaintiff has been discriminated against, and therefore the basis for the differential treatment might well have been because the plaintiff was unique; thus, there is a higher premium for a plaintiff to identify how he or she is similarly situated to others." Scocca v. Smith, No. C–11–1318 EMC, 2012 WL 2375203, at 5 (N.D. Cal. June 22, 2012).

In the present case, the complaint itself does not identify any other applicants to whom plaintiff is similarly situated. In his opposition to defendants' motion, plaintiff argues that there are "two other Tahoe Pines residents that have received permits for non-littoral buoys that are similarly situated to plaintiff." ECF No. 22 at 12. One of the permits plaintiff attaches is not for a buoy but for a pier, and the applicant is listed as the Tahoe Pines Homeowners Association, not

an individual resident. ECF No. 22 at 32. The other document is a "Notice of Exemption" for buoys by property owners identified as the O'Neill trust. Id. at 28. However in their supplemental request for judicial notice, defendants submit evidence that the O'Neill permit application varied in important ways from plaintiff's application.

Specifically, unlike plaintiff's application, the O'Neill application was submitted as littoral lot on Lake Tahoe. ECF No. 21-1 at 8-9. Also unlike plaintiff, the O'Neill's hold a lease from the California State Land Commission for their two buoys. Id. at 16-21. Further, unlike plaintiff, TRPA considered the O'Neill application under a different set of shorezone ordinances in effect in 2010 rather than the 2018 Shoreline Plan. Id. at 1. These differences establish why TRPA granted the O'Neill a permit for their buoys. Plaintiff fails to allege any similarly situated applicant (i.e., a non-littoral property owner without a specific authorization and relying upon a USACE grandfathering letter who was granted a buoy permit under the 2018 Shoreline Plan) who was treated differently. TRPA is thus entitled to judgment on the pleadings on the equal protection claim.

    C. <u>Judgment in Favor of Individual Defendants is Appropriate</u>

Plaintiff sued TRPA Governing Board and staff members individually without any allegations that these individuals acted outside of their official capacities, and without alleging any specific facts tied to any individuals. ECF No. No. 1 at 2-14. TRPA sought judgment on the pleadings for all members in their individually capacity on several grounds, including qualified immunity, personal jurisdiction, and quasi-judicial immunity. Motion at 11-13. Plaintiff failed respond to or address any of these grounds in his Opposition. In an unauthorized surrpely, which the court considers in light of plaintiff's pro se status, plaintiff "emphasizes they have moved the Court for discovery and that the Defendants actions outside of their official capacities cannot be determined at this juncture." ECF No. 23 at 2. This is not sufficient to defeat the motion.

A complaint alleging claims against individual defendants under § 1983 must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

Id.  It is not enough for plaintiff to state, in defense to a motion for summary judgment, that it is possible discovery will reveal a claim.  Plaintiff has not alleged any specific action taken by any specific defendant; he has not even identified what he thinks he might find by conducting discovery.  Judgment in favor of defendants is appropriate under these circumstances.

    D.  **Defendants are Entitled to Judgment on Plaintiff's Administrative Review Claim**

Plaintiff alleges that TRPA erred in denying his permit application because it incorrectly interpreted  the second prong of Code section 84.3.3.D.3.b.  Plaintiff argued to TRPA's Governing Board that the USACE Letter was "valid authorization," but the Governing Board, after briefing from TRPA staff and the Legal Committee, determined that the USACE Letter did not meet the definition of "valid authorization."  AR II:365.

The Code provides that a permit may be issued for one buoy associated with a non-littoral parcel where two things are shown: (1) that the buoy existed before 1972, and (2) that the buoy has a valid authorization from an applicable state or federal agency.  The record shows that TRPA interpreted "valid authorization" to involve an authorization showing ownership of the buoy by the parcel owner/applicant.  AR II:228 and 366.  TRPA's interpretation of the Code provision is subject to wide deference.  An agency's interpretation of its own regulation is "controlling unless it is 'plainly erroneous or inconsistent with the regulation.'"  Auer v. Robbins, 519 U.S. 452, 461 (1997); Public Lands for People v. Dept. of Agriculture, 697 F.3d 1192, 1199 (9th Cir. 2012); Bassiri v. Xerox Corp., 463 F.3d 927, 930 (9th Cir. 2006).

Here, the record shows that the USACE Letter confirmed that a buoy existed in the location of the buoy in question as of 1968.  AR I:7.  However, the TRPA determined that the letter was not evidence of ownership related to plaintiff's non-littoral parcel.  After the permit application was denied by TRPA's Executive Director on February 25, 2021, the Governing Board granted plaintiff's appeal to allow him another opportunity to prove his ownership of the buoy. AR II:189, 227.  Both plaintiff and TRPA agreed that plaintiff had (1) claimed ownership of his parcel and (2) established that the buoy had been in the lake for a long time.  However, TRPA determined that there was no evidence of authorization by an agency for the placement of the buoy by the parcel owner.  AR II:189.  The USACE Letter in the record showed that the buoy

had been in place since before 1972, but the letter could have been issued to any party or property that requested the determination.  AR II:228.

TRPA interpreted the second prong of Code section 84.3.3.D.3.b to require "non-littoral property owners to show that they are, in fact, entitled to a mooring that was present before 1972 and that they received permission to anchor from an applicable state or federal agency with jurisdiction at Lake Tahoe." AR II:228.  As noted in the staff report on the second appeal, there are practical and policy reasons to hold non-littoral owners to a higher burden of proof that they are entitled to the use of moorings on Lake Tahoe.  Both Nevada and California State Lands agencies do not favor individual non-littoral buoys.  AR II:228.  Under the Auer standard, TRPA's interpretation is not "plainly erroneous or inconsistent with the regulation." 519 U.S. at 461.  Accordingly, TRPA's interpretation controls.  See S &M Inv. Co. v. Tahoe Regional Planning Agency, 702 F. Supp. 1471, 1472 (E.D. Cal. 1988).  There is no remaining issue of material fact, and TRPA is entitled to judgment on this claim.

### V.     Conclusion

Because defendants have properly requested judicial notice of public records, the motion for judicial notice (ECF No. 21) is GRANTED.

Further, for the reasons explained above, IT IS RECOMMENDED that defendants' motion for summary judgment (ECF No. 15) be GRANTED, that judgment be entered in favor of defendants, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

////

////

objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED.

DATED: January 24, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE